1  Michael D. Adams (State Bar No. 185835)
   madams@rutan.com
2  Meredith L. Williams (State Bar No. 292888)
   mwilliams@rutan.com
3  Sarah E. Gilmartin (State Bar No. 324665)
   sgilmartin@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone:  714-641-5100
6  Facsimile:   714-546-9035

7  Attorneys for Plaintiff
   1661 Inc. d/b/a GOAT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| 1661 INC. D/B/A GOAT, | Case No. |
|---|---|
| Plaintiff, | Judge: |
| vs. | **PLAINTIFF 1661 INC. D/B/A GOAT'S COMPLAINT FOR:** |
| CLEAR SKY ASSETS INC., | 1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** |
| Defendant. | 2. **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)); AND** |
| | 3. **COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT.** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff 1661, Inc. d/b/a GOAT ("Plaintiff" or "GOAT"), by and through its undersigned attorneys, hereby brings this Complaint against Defendant Clear Sky Assets Inc. ("Defendant" or "Clear Sky"), and alleges as follows:

## NATURE OF THE CASE

1. GOAT seeks injunctive and monetary relief for Clear Sky's federal trademark infringement, false designation of origin, and common law unfair competition and trademark infringement with regard to GOAT's federally registered trademark GOAT (the "GOAT Mark").

2. GOAT's online shoe marketplace launched in 2015, offering a variety of collectible sneakers made by other brands (such as Nike and Adidas). Since then, GOAT has garnered widespread popularity and brand recognition as a high-quality source of athletic and sporting footwear, including valuable, collectible sneakers that customers typically try to maintain in better condition than ordinary shoes. Given these collectible sneakers give rise to demand for related cleaning services, GOAT in June 2018 began offering a "GOAT Clean" process for sellers to send lightly worn shoes to GOAT for cleaning. GOAT's online marketplace is available on a downloadable application for mobile devices (the "GOAT App") and its website, www.goat.com (the "GOAT Website"), which displays the GOAT Mark as follows:

GOAT

3. Years after GOAT (previously named GrubWithUs, Inc.) popularized GOAT's online marketplace for collectible shoes in 2015, Clear Sky in 2018 began advertising and selling shoe care products under the confusingly similar mark GOAT GREATEST OF ALL TIME (the "Infringing Mark"), which Clear Sky displays on its website, www.goatshoecare.com, as follows:



4. On information and belief, Clear Sky knew of GOAT's successful online marketplace for collectible shoes (among other goods) and adopted the Infringing Mark for its shoe care products to capitalize off of consumer confusion and association with the GOAT Mark, siphoning off GOAT's goodwill.  Among other facts showing that Clear Sky was aware of GOAT and willfully infringed the GOAT Mark are: (1) Clear Sky's website URL (goatshoecare.com) incorporates the GOAT Mark in its entirety, without any of the other terms of the Infringing Mark; (2) as shown above, the Infringing Mark displays "GOAT" far more prominently than the other terms and in a confusingly similar manner to how GOAT displays the GOAT Mark on GOAT's Website (e.g. in black and white, all capital letters); and (3) Clear Sky at one point included a small disclaimer on its website stating: "Not Affiliated with GOAT Group."  These facts are evidenced in the true and correct copy of Clear Sky's website as of August 6, 2019 attached hereto as **Exhibit 1**.

5. Clear Sky's including a "Not Affiliated with GOAT Group" disclaimer on its website shows it was aware that consumers were likely to be confused by its use of the Infringing Mark.  However, Clear Sky responded to GOAT's August 22, 2019 cease and desist letter by removing the disclaimer and feigning ignorance at the confusion likely to result from its infringement.  A true and correct copy of Clear Sky's website as of November 22, 2019—without the "Not Affiliated with GOAT Group" disclaimer—attached hereto as **Exhibit 2**.

6. Confusion is not only likely to occur from Clear Sky's use of the Infringing Mark—it is already occurring.  GOAT has received numerous communications from customers contacting GOAT about problems with their orders from Clear Sky.  True and correct copies of some of these communications (redacted for privacy) are attached hereto as **Exhibit 3**, evidencing that Clear Sky's use of the Infringing Mark for its shoe care products is causing actual consumer confusion as to the source of those products.

7. Clear Sky has thus violated, and continues to violate, the Trademark

Act of 1946 as amended, 15 U.S.C. section 1051 *et seq.* (the "Lanham Act"), and California state law through its unauthorized use of marks confusingly similar to the GOAT Mark, which are likely to cause, and have already caused, consumer confusion as to the source of its shoe care products.

## PARTIES

8. GOAT is a Delaware corporation with its principal place of business located at 3433 W. Exposition Place, Los Angeles, California 90018.

9. On information and belief, Clear Sky is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 3016 Ave L, Brooklyn, New York 11210.

## JURISDICTION AND VENUE

10. This action arises, in part, under the Lanham Act, 15 U.S.C. section 1114 *et seq.,* section 1125 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121 because GOAT's claims arise, in part, under the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over GOAT's claims arising under the laws of the State of California.

11. This Court has personal jurisdiction over Clear Sky because, on information and belief, it transacts and solicits business in the State of California via its website, goatshoecare.com.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within this judicial district.

## FACTUAL ALLEGATIONS

**A.  GOAT's Online Marketplace Featuring Collectible Sneakers and Registered Trademark Rights**

13. GOAT operates a popular online marketplace selling athletic and sporting footwear and related accessories under the GOAT Mark throughout the

United States and various other countries around the world. GOAT's online marketplace is available through the GOAT Website (www.goat.com) and the GOAT App. A true and correct copy of GOAT's GOAT Website is attached hereto as **Exhibit 4**, showing use of the GOAT Mark as depicted above.

14. GOAT (previously named GrubWithUs, Inc.) has been using the GOAT Mark in connection with its online marketplace since at least as early as 2015 to denote the source of its high-quality goods and services.

15. GOAT is also the owner of several federal trademark registrations (via assignment from GrubWithUs, Inc.) for the GOAT Mark. Among other goods and services, GOAT's registrations for the GOAT Mark cover "Providing an online marketplace for buyers and sellers" of "athletic and sporting footwear" in International Class 35. True and correct copies of the Registration Certificates for GOAT's current federal registrations are attached hereto as **Exhibit 5** for ease of reference.

16. GOAT's federal registrations for the GOAT Mark are valid and subsisting and in full force and effect. These registrations evidence GOAT's rights in the GOAT Mark dating back to its predecessor's first use in commerce date of at least as early as April 1, 2015.

17. Since launching its online marketplace in 2015, GOAT has added service offerings related to its collectible sneakers sold in connection with the GOAT Mark. In particular, GOAT in June 2018 began offering a "GOAT Clean" process for sellers to send lightly worn shoes to GOAT for cleaning, meeting the demand for cleaning services related to collectible sneakers. A true and correct copy of the section of the GOAT Website detailing "The GOAT Clean Process" is attached hereto as **Exhibit 6**.

18. GOAT has continuously and prominently used the GOAT Mark in connection with its online marketplace to denote the source of its high-quality goods and services, including but not limited to collectible sneakers.

19. GOAT has spent substantial sums marketing its goods and services under the GOAT Mark and has made substantial sales under its mark. As a result of the significant time, effort and money GOAT has committed to promoting the GOAT Mark as a source identifier for its high-quality goods and services over the course of nearly five years, GOAT has built a valuable reputation and substantial goodwill, with which its GOAT Mark has become synonymous.

**B.     Clear Sky's Infringement and Ensuing Actual Confusion**

20. Years after GOAT's adoption, use, and registration of its GOAT Mark in 2015 and around the time or even after GOAT's use of the GOAT Mark in connection with the "GOAT Clean" services in June 2018, Clear Sky began using the Infringing Mark, a mark that is highly similar to and fully incorporates the GOAT Mark, adding only a slogan, i.e. "GOAT: GREATEST OF ALL TIME".

21. Clear Sky filed two trademark applications for the Infringing Mark. First, on or about December 13, 2018, Clear Sky filed Application No. 88/228,205 for, *inter alia*, "Cleaning preparations for shoes," alleging first use of the Infringing Mark on June 5, 2018 and first use in commerce on December 1, 2018. Further, on or about June 20, 2019, Clear Sky filed Application No. 88/481,295 for, *inter alia*, "On-line retail store services featuring shoe care products," alleging first use of the Infringing Mark on January 1, 2019 and first use in commerce on June 1, 2019.

22. On information and belief, Clear Sky knew of GOAT's successful online marketplace for collectible shoes (among other goods) sold under and in connection with the GOAT Mark. Among other facts evidencing Clear Sky's apparently intentional adoption of the Infringing Mark with awareness of GOAT and the GOAT Mark is the fact that Clear Sky's website URL (goatshoecare.com) incorporates the GOAT Mark in its entirety, without any of the other terms of the Infringing Mark. On information and belief, Clear Sky has now also registered another confusingly similar domain name (goatshield.com), that redirects to its main website selling shoe care products under the Infringing Mark.

23.     In addition, as shown above and in **Exhibit 1** and **Exhibit 2**, the Infringing Mark displays "GOAT" far more prominently than the other terms and uses "GOAT" in a confusingly similar manner to how GOAT displays the GOAT Mark on GOAT's Website (e.g. in black and white, all capital letters).  Furthermore, as of August 6, 2019, Clear Sky displayed a small disclaimer on its website stating: "Not Affiliated with GOAT Group."  **Exhibit 1** attached hereto is a true and correct copy of Clear Sky's website (https://goatshoecare.com) as of August 6, 2019, displaying this disclaimer at page 4 of 4 (as well as the Infringing Mark on multiple pages).

24.     On information and belief, then, Clear Sky knew of GOAT and was aware that consumers were likely to be confused by its use of the GOAT Mark (known for GOAT's popular and trusted online shoe marketplace) in an Infringing Mark for shoe care products sold online.  Indeed, Clear Sky's willful infringement of the GOAT Mark is underscored by its response to GOAT's August 22, 2019 cease and desist letter, as rather than ceasing use of the GOAT Mark, Clear Sky instead removed the "Not Affiliated with GOAT Group" disclaimer, feigning ignorance at the confusion likely to result from its infringement.  A true and correct copy of Clear Sky's website as of November 22, 2019—without the "Not Affiliated with GOAT Group" disclaimer—attached hereto as **Exhibit 2**.  On information and belief, Clear Sky removed the disclaimer because it implicitly conceded likelihood of confusion.

25.     Clear Sky is currently using the Infringing Mark in connection with sneaker-related products, such as shoe cleaner, which are complementary and related to GOAT's goods sold on GOAT's online platform.  Clear Sky also displays its footwear cleaning products with images of sneakers in a manner similar to GOAT's display of sneakers.  *Compare* **Exhibit 1** *and* **Exhibit 2** *with* **Exhibit 4**.  The fact that Clear Sky's website uses both the GOAT Mark (as part of the Infringing Mark) and images of similar sneakers exacerbates the potential consumer

confusion stemming from the relatedness of the parties' goods and services. On information and belief, the similarities between GOAT's platform and Clear Sky's website are intentional on Clear Sky's part.

26. Further on information and belief, Clear Sky adopted the Infringing Mark for its shoe care products to capitalize off of consumer confusion and association with the GOAT Mark. Clear Sky's use of the Infringing Mark for shoe care products appears to be designed to siphon off GOAT's goodwill, given that customers who have purchased collectible sneakers from GOAT would likely believe that Clear Sky's shoe-cleaning goods sold under the Infringing Mark are associated with, affiliated with, or sponsored by GOAT for its customers to clean and maintain their collectible sneakers purchased from GOAT.

27. Internet users planning to purchase collectible sneakers through GOAT's well-known website are likely to encounter Clear Sky's website and—as a result of Clear Sky's use of the Infringing Mark—purchase Clear Sky's goods under the mistaken belief that they are sponsored or sold by GOAT. In fact, customers have already been confused by Clear Sky's use of the Infringing Mark.

28. Examples of actual confusion among the general purchasing public caused by Clear Sky's use of the Infringing Mark include that a purchaser of Clear Sky's shoe cleaner product contacted GOAT to complain about an error with an order. The customer stated that he or she planned to use Clear Sky's shoe cleaner to resell sneakers of the type GOAT commonly retails online and on its GOAT App. A true and correct copy of this exchange is attached hereto as **Exhibit 3**, with identifying customer information redacted.

29. Consumers encountering the GOAT Mark and the Infringing Mark are thus not only *likely* to confuse, but are actually confusing, the parties' marks and closely related goods and services. Clear Sky's conduct as alleged herein thus has caused and is causing actual consumer confusion, including, without limitation, confusion that is damaging GOAT's reputation and the goodwill associated with the

GOAT Mark.

30. Clear Sky's advertising, sale and offering for sale of shoe care products under the Infringing Mark is not authorized or approved by GOAT.

31. On information and belief, Clear Sky's activities complained of herein constitute willful and intentional infringement of the GOAT Mark, with Clear Sky marketing its products in a manner designed to siphon off of the goodwill associated with GOAT's related goods and services.

32. Clear Sky's use of the Infringing Mark is likely to cause, and has already caused, confusion in the minds of the consuming public, and has damaged and is damaging GOAT's reputation and the goodwill associated with the GOAT Mark by creating the false impression that Clear Sky and its goods are associated with or sourced from GOAT, when they are not. This confusion as to source, affiliation, or sponsorship of Clear Sky's goods also harms GOAT's reputation in view of the fact that the instance identified above stemmed from a consumer receiving the wrong product from Clear Sky, which led to the consumer believing that GOAT had sent the wrong product. *See* **Exhibit 3**.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

### [15 U.S.C. § 1114]

33. GOAT repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 32 above, inclusive, as though set forth in full.

34. After GOAT began using the GOAT Mark in commerce, Clear Sky began using the Infringing Mark and/or other marks incorporating and thus confusingly similar to GOAT's GOAT Mark in connection with their shoe care products and online store selling such products, and Clear Sky's unauthorized use will tend to cause and has caused the relevant public and trade to believe erroneously that Clear Sky's goods are associated with GOAT.

35. By the acts and omissions set forth above, Clear Sky has infringed and continues to infringe GOAT's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114. The registration certificates for GOAT's marks are attached hereto as **Exhibit 5**.

36. Clear Sky's conduct and use of its Infringing Mark and/or other marks incorporating and thus confusingly similar to GOAT's GOAT Mark is likely to cause and has caused confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Clear Sky's goods, and interfere with GOAT's ability to use its marks to indicate a single quality control source of goods and services.

37. On information and belief, Clear Sky uses the Infringing Mark or marks confusingly similar to GOAT's GOAT Mark with the deliberate intent of capitalizing and trading on the goodwill and reputation of GOAT.

38. GOAT has suffered, is suffering, and will continue to suffer irreparable injury for which GOAT has no adequate remedy at law. GOAT is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Clear Sky.

39. Clear Sky has profited and is profiting by such infringement and GOAT has been, and is being, damaged by such infringement. GOAT is therefore entitled to recover damages from Clear Sky in an amount to be proved at trial as a consequence of Clear Sky's infringing activities.

## SECOND CLAIM FOR RELIEF
## False Designation of Origin and Unfair Competition
## [15 U.S.C. § 1125(a)]

40. GOAT repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 39 above, inclusive, as though set forth in full.

41. Clear Sky's acts and omissions as alleged herein also constitute false

designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a), as Clear Sky has falsely designated and represented its goods in commerce, using the goodwill of GOAT to sell Clear Sky's own goods and otherwise unfairly competing with GOAT.

42. Clear Sky's aforesaid advertising, offering for sale, and sale of goods and services in connection with its Infringing Mark and/or other uses of the GOAT Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Clear Sky with GOAT, or as to the origin, sponsorship, or approval of Clear Sky's goods, in that purchasers are likely to believe that GOAT authorizes or controls the advertising, offering, or sale of Clear Sky's goods described above, or that Clear Sky is associated with or authorized by GOAT to advertise, offer, or sell those goods. In fact, Clear Sky's use of its Infringing Mark already has caused such consumer confusion, as shown in **Exhibit 3**, attached hereto.

43. Clear Sky's use in commerce of the Infringing Mark or marks confusingly similar to GOAT's GOAT Mark in connection with Clear Sky's goods and services constitutes a false designation of the origin and/or sponsorship of such goods and services, and falsely describes and represents such goods and services.

44. Clear Sky's conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, GOAT's trademark rights, and has caused irreparable harm, damage, and injury to GOAT's goodwill and business reputation.

45. On information and belief, Clear Sky is now committing the acts complained of above with full knowledge that its acts are unlawful, and Clear Sky uses the Infringing Mark or marks confusingly similar to GOAT's GOAT Mark with the deliberate intent of capitalizing and trading on the goodwill and reputation of GOAT.

46. Clear Sky has displayed a willful course of conduct toward appropriation and destruction of GOAT's rights in and to the GOAT Mark.

47. Clear Sky's wrongful acts and conduct as alleged herein have permitted or will permit it to generate substantial sales and profits with the Infringing Mark on the strength of GOAT's advertising, sales, consumer recognition, and goodwill in connection with the GOAT Mark.

48. As a result of Clear Sky's wrongful acts alleged herein, GOAT has suffered and will continue to suffer monetary damage in an amount not thus far determined. GOAT is entitled to damages as a result of Clear Sky's actions and conduct and, because such damages alone do not provide GOAT with an adequate remedy at law, GOAT is entitled to injunctive relief.

49. Clear Sky's acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to GOAT's goodwill and business reputation, for which there is no adequate remedy at law. GOAT is therefore entitled to a permanent injunction against further infringing and unlawful conduct by Clear Sky.

50. Clear Sky has profited and is profiting by such infringement, and GOAT has been and is being damaged by such infringement. GOAT is therefore entitled to recover damages from Clear Sky in an amount to be proved at trial as a consequence of Clear Sky's infringing and unlawful activities.

51. On information and belief, Clear Sky's acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to GOAT and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling GOAT to damages, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF

**Common Law Unfair Competition and Trademark Infringement**

52. GOAT repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 51 above, inclusive, as though set forth in full.

53.  Clear Sky's actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Clear Sky with GOAT, and as to origin of Clear Sky's goods and services, and GOAT's apparent sponsorship or approval of Clear Sky's goods and services.  In fact, Clear Sky's use of its Infringing Mark already has caused such consumer confusion, as shown in **Exhibit 3**, attached hereto.

54.  Clear Sky undertook its actions and conduct as alleged herein in bad faith, having actual or at least constructive knowledge of GOAT's rights in its GOAT Mark, given GOAT's highly publicized rights over this mark, coupled with the fact that both parties sell related products on similar websites.  Demonstrating its awareness of GOAT's use of its GOAT mark, Clear Sky previously indicated on its website that it is "Not Affiliated with GOAT Group"—a reference to GOAT—although it removed that statement from its website.  *Compare* **Exhibit 1** and **Exhibit 2**.

55.  Clear Sky's unauthorized and bad faith actions and conduct as alleged herein constitute unfair competition under California common law.

56.  Clear Sky's unauthorized actions and conduct as alleged herein also constitute direct infringements of GOAT's federal trademarks in violation of California common law.

57.  Clear Sky has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to GOAT, including but not limited to, injury to GOAT's goodwill and business reputation.

58.  GOAT has suffered, is suffering, and will continue to suffer irreparable injury for which GOAT has no adequate remedy at law.  GOAT is therefore entitled to a permanent injunction against further infringing conduct by Clear Sky.

## PRAYER FOR RELIEF

WHEREFORE, GOAT prays for an order and judgment against Clear Sky as follows:

1.    That Clear Sky, its owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Clear Sky or on its behalf, be permanently enjoined and restrained from, directly or indirectly:

    a.    Selling, offering to sell, advertising, displaying, or using the GOAT Mark, any derivative thereof, or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of its shoe care products;

    b.    Using in any other way any other mark or designation so similar to the GOAT Mark as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Clear Sky and/or their goods or services by or with GOAT; and

    c.    Representing or implying that Clear Sky is in any way sponsored by, affiliated with, endorsed by or licensed by GOAT;

2.    For an order requiring Clear Sky to deliver to GOAT's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by GOAT, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Clear Sky's possession or control that bear the GOAT mark, or any other mark similar thereto, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. section 1118, and other applicable laws;

3.    For an order requiring Clear Sky to file with the Clerk of this Court and serve GOAT, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Clear Sky has complied with 1 through 2 above;

4.    For an award of Clear Sky's profits and GOAT's damages according to proof at trial;

5.    For an order requiring Clear Sky to account for and pay to GOAT all

gains, profits and advantages derived by Clear Sky from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

    6.    For an award of pre-judgment interest at the highest rate allowed by law;

    7.    For an award of punitive damages according to proof;

    8.    For an award of increased damages, costs, and attorneys' fees to the extent permitted by law, including an award of GOAT's attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action, pursuant to 15 U.S.C. section 1117; and

    9.    For such further relief as this Court shall deem just and proper.

Dated:  February 4, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH E. GILMARTIN

By:     */s/ Michael D. Adams*
    Michael D. Adams
    Attorneys for Plaintiff
    1661, Inc. d/b/a GOAT

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable by jury.

Dated:  February 4, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH E. GILMARTIN

By:     */s/ Michael D. Adams*
    Michael D. Adams
    Attorneys for Plaintiff
    1661, Inc. d/b/a GOAT