```
 1 | Michael D. Adams (State Bar No. 185835)
   | madams@rutan.com
 2 | Meredith L. Williams (State Bar No. 292888)
   | mwilliams@rutan.com
 3 | Sarah E. Gilmartin (State Bar No. 324665)
   | sgilmartin@rutan.com
 4 | RUTAN & TUCKER, LLP
   | 611 Anton Boulevard, Suite 1400
 5 | Costa Mesa, California 92626-1931
   | Telephone:  714-641-5100
 6 | Facsimile:   714-546-9035
 7 | Attorneys for Plaintiff
   | 1661 Inc. d/b/a GOAT
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1661 INC. D/B/A GOAT,<br><br>    Plaintiff,<br><br>    vs.<br><br>CLEAR SKY ASSETS INC.,<br><br>    Defendant. | Case No. 2:20-cv-01144-CJC-RAO<br><br>Judge:  Cormac J. Carney<br>Magistrate Judge: Rozella A. Oliver<br><br>**PLAINTIFF 1661 INC. D/B/A GOAT'S ANSWER TO DEFENDANT CLEAR SKY ASSETS INC.'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Rutan & Tucker, LLP
attorneys at law

2945/034709-0018
14896526.2 a03/30/20

-1-

ANSWER TO DEFENDANT CLEAR SKY
ASSET INC.'S COUNTERCLAIM

Plaintiff and Counterdefendant 1661, Inc. d/b/a GOAT ("GOAT"), by and through its undersigned attorneys, hereby answers the counterclaim (the "Counterclaim") brought by Defendant and Counterclaimant Clear Sky Assets Inc. ("Clear Sky"), as follows:

## THE PARTIES

1. GOAT admits the allegations in paragraph 1 of the Counterclaim.

2. GOAT admits the allegations in paragraph 2 of the Counterclaim.

## JURISDICTION AND VENUE

3. GOAT admits that Clear Sky's Counterclaim purports to seek declaratory relief in the form of a declaration of non-infringement, which arises under the Lanham Act and Declaratory Judgment Act, and that the Court has jurisdiction over the claims and counterclaim in this case. Except as expressly admitted herein, GOAT denies the allegations of paragraph 3 of the Counterclaim.

4. GOAT admits the allegations in paragraph 4 of the Counterclaim.

5. GOAT admits the allegations in paragraph 5 of the Counterclaim.

6. GOAT admits that an actual case or controversy has arisen between the parties based on GOAT's trademark infringement and unfair competition claims relating to Clear Sky's infringement of GOAT, which includes use of the mark GOAT GREATEST OF ALL TIME. Except as expressly admitted herein, GOAT denies the allegations of paragraph 6 of the Counterclaim.

## FACTUAL BACKGROUND

7. GOAT admits that Clear Sky began advertising and selling shoe care products under the confusingly similar mark GOAT GREATEST OF ALL TIME in 2018, long after GOAT began using the trademark GOAT. GOAT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of the Counterclaim, and on that basis denies such allegations.

8. GOAT admits that the word "GOAT" has been used as an acronym for the terms "Greatest Of All Time," among other definitions. GOAT lacks knowledge

Rutan & Tucker, LLP
attorneys at law

2945/034709-0018
14896526.2 a03/30/20

-2-

ANSWER TO DEFENDANT CLEAR SKY
ASSET INC.'S COUNTERCLAIM

or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Counterclaim, including the attached exhibit that appears to have been edited by Clear Sky's counsel, and on that basis denies such allegations.

9. GOAT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Counterclaim, except that Clear Sky's inclusion and subsequent removal of a disclaimer referencing GOAT ("Not Affiliated with GOAT Group") indicates that Clear Sky did have knowledge of GOAT and its trademarks, and on that basis denies such allegations.

10. GOAT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Counterclaim, except that Clear Sky's inclusion and subsequent removal of a disclaimer referencing GOAT ("Not Affiliated with GOAT Group") indicates that Clear Sky did not adopt the names GOAT GREATEST OF ALL TIME and GOAT SHIELD in good faith, and on that basis denies such allegations.

11. GOAT admits that it developed and operates an online marketplace available on a downloadable application for mobile devices and its website under the GOAT mark, and that GOAT's online marketplace, among other things, facilitates sales of shoes including high-value, limited edition athletic footwear. Except as expressly admitted herein, GOAT denies the allegations of paragraph 11 of the Counterclaim.

12. GOAT admits that it authenticates collectible sneakers sold via its platform. Except as expressly admitted herein, GOAT denies the allegations of paragraph 12 of the Counterclaim.

13. GOAT admits that it owns four trademark registrations for its GOAT mark: (1) U.S. Reg. No. 5,020,478 in International Class 42 for "Providing temporary use of online non-downloadable software for electronic business transactions in online marketplaces utilizing the Internet, global computer communication networks, and wireless telecommunications networks;

authentication services in the field of collectible consumer goods, namely, the inspection and verification of authenticity of athletic and sporting footwear, apparel, and works of art"; (2) U.S. Reg. No. 5,020,477 in International Class 38 for "Telecommunication services, namely transmission of electronic messages, text messages, and push-notification alerts between consumer product buyers and sellers on the Internet, global computer communications networks, and wireless telecommunications networks"; (3) U.S. Reg. No. 5,357,448 in International Class 35 for "Providing an online marketplace for buyers and sellers of collectible consumer goods namely, athletic and sporting footwear; database management services; providing a website featuring evaluative feedback in the form of ratings, reviews, recommendations and other consumer information regarding the value and prices of sellers' goods, buyers' and sellers' performance, delivery, and transaction experience for commercial purposes; providing a searchable advertising guide featuring the goods and services of sellers; advertising and advertising services"; and (4) U.S. Reg. No. 4,908,318 in International Class 9 for "Computer application software allowing users to find, research, analyze, compare, sell, and purchase goods and services via the Internet, global computer communication networks, and wireless telecommunications networks."  Except as expressly admitted herein, GOAT denies the allegations of paragraph 13 of the Counterclaim.

14. GOAT admits that counsel for GrubWithUs, Inc., GOAT's assignor and predecessor, submitted a Request for Reconsideration of a Final Office Action on November 19, 2016 in connection with Application Serial No. 86/703,347, i.e. the GOAT mark now registered as U.S. Reg. No. 5,357,448.  GOAT denies that the language cited in quotation marks in paragraph 14 of the Counterclaim appears in that Request for Reconsideration.  GOAT further denies that GrubWithUs, Inc.'s submissions to the United States Patent and Trademark Office ("USPTO") with respect to potential likelihood of confusion between its applied-for GOAT mark and the registered mark of another party in 2016 – and specifically counsel's statements

Rutan & Tucker, LLP
attorneys at law

2945/034709-0018
14896526.2 a03/30/20

-4-

ANSWER TO DEFENDANT CLEAR SKY
ASSET INC.'S COUNTERCLAIM

describing certain of GrubWithUs, Inc.'s applied-for services at that time – are relevant to the current dispute (four years later) between GOAT and Clear Sky as to Clear Sky's infringement of the GOAT mark on shoe care products. GOAT also denies that all goods sold via its portal "are expensive, such that users of the platform exercise a great of care" [sic], and denies that GOAT has conceded as much as alleged in paragraph 14 of the Counterclaim. Except as expressly admitted herein, GOAT denies the allegations of paragraph 14 of the Counterclaim.

## COUNT 1
### (Declaration of Non-Infringement)

15. GOAT realleges each and every answer to Clear Sky's allegations set forth in paragraphs 1 through 14 above, and incorporates them herein.

16. GOAT denies the allegations of paragraph 16 of the Counterclaim.

17. GOAT admits that Clear Sky seeks a declaratory judgment, but denies that Clear Sky is entitled to such relief. Except as expressly admitted herein, GOAT denies the allegations of paragraph 17 of the Counterclaim.

## ANSWER TO PRAYER

GOAT denies that Clear Sky has been injured or damaged by GOAT's alleged acts and omissions, and denies that Clear Sky is entitled to the relief requested in Clear Sky's Prayer for Relief, or any relief at all from GOAT.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1. The Counterclaim and each purported claim for relief alleged therein fail to state facts sufficient to constitute any claim for relief against GOAT.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2. The Counterclaim and each purported claim for relief alleged therein are barred by the doctrine of unclean hands.

Rutan & Tucker, LLP
attorneys at law

2945/034709-0018
14896526.2 a03/30/20

-5-

ANSWER TO DEFENDANT CLEAR SKY
ASSET INC.'S COUNTERCLAIM

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. Clear Sky initially stated on its website "Not Affiliated with GOAT Group," evidencing an awareness that consumers would likely be confused as to Clear Sky's affiliation with GOAT. Clear Sky has since removed that disclaimer. As a result, the Counterclaim and each purported claim for relief alleged therein are barred, in whole or in part, under the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. The Counterclaim and each purported claim for relief alleged therein are barred, in whole or in part, by waiver.

## **PRAYER**

a. That the Counterclaim be dismissed with prejudice and judgment be entered in GOAT's favor;

b. That GOAT be awarded its costs and expenses incurred in this action;

c. That GOAT be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117, or as otherwise authorized by law; and

d. For such other and further relief as this Court deems just and proper.

Dated: March 30, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH E. GILMARTIN

By: _____*/s/ Michael D. Adams*_____
Michael D. Adams
Attorneys for Plaintiff
1661, Inc. d/b/a GOAT

Rutan & Tucker, LLP
attorneys at law

2945/034709-0018
14896526.2 a03/30/20

-6-

ANSWER TO DEFENDANT CLEAR SKY
ASSET INC.'S COUNTERCLAIM

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable by jury.

Dated: March 30, 2020

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH E. GILMARTIN

By: */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Plaintiff
1661, Inc. d/b/a GOAT