JS-6

FILED
CLERK, U.S. DISTRICT COURT

3/30/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1661 INC. D/B/A GOAT,<br><br>        Plaintiff,<br><br>   v.<br><br>CLEAR SKY ASSETS INC.,<br><br>        Defendant. | Case No. 2:20-cv-01144-CJC-RAO<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff 1661 Inc. dba GOAT ("GOAT") has alleged and Defendant Clear Sky Assets Inc., ("Clear Sky") has stipulated to and does not contest the following:

1. GOAT is the owner of the following United States Trademark Registrations for the GOAT trademark (as shown below), and it has acquired substantial common law trademark rights in the GOAT marks and related logos (collectively, the "GOAT Marks"):

| Mark | Class | Registration No. | Registration Date |
|------|-------|------------------|-------------------|
| GOAT | 9 | 4,908,318 | March 1, 2016 |
| GOAT | 38 | 5,020,477 | August 16, 2016 |
| GOAT | 42 | 5,020,478 | August 16, 2016 |
| GOAT | 35 | 5,357,448 | December 19, 2017 |

2. Since its launch in 2018, Clear Sky has used the "GOAT", "GREATEST OF ALL TIME", "GOAT SHIELD", "GOAT SHOE CARE", and "GOAT GREATEST OF ALL TIME" trademarks, as well as the below logo, (collectively, the "Clear Sky Marks") to market and sell its shoe-cleaning products on its *goatshoecare.com* domain name and website (the "Clear Sky Domain") and through its Facebook, Instagram, and Amazon pages (*facebook.com/goatshoecare/*; *instagram.com/goatshoecare/*; *amazon.com/stores/GOATSHIELD/Homepage/page/F3E55AF4-5F2D-4AE0-9C1D-01A398B565B6* (collectively, "Clear Sky Marketing Pages").



## INJUNCTION

1. The Clear Sky Settling Parties, and other persons who are in active concert or participation with them who receive notice of this injunction by personal service or otherwise or individuals within Clear Sky's control (collectively, the "Enjoined Parties") are permanently enjoined and ordered as follows:

   a. The Enjoined Parties will cease all use of the Clear Sky Marks and any other mark containing the term "GOAT" or "GREATEST OF ALL

TIME" (including any misspelling, abbreviations, or variations of any of these terms that are confusingly similar) and never use, apply for, or register any trademark, trade name, domain name, storefront or shopping page, or social media account containing the Clear Sky Marks, the GOAT Marks, or the term "GOAT" or the term "GREATEST OF ALL TIME" (including any misspelling, abbreviations, or variations of any of these terms that are confusingly similar).

   b. The Enjoined Parties shall assign all rights, title, and interest to the Clear Sky Domain, Clear Sky Marketing Pages, and any other domain names, storefront or shopping pages, or social media accounts that they own, have the right to use, or are otherwise using that contain the term "GOAT" or "GREATEST OF ALL TIME" (including any misspelling, abbreviations, or variations of any of these terms that are confusingly similar), to GOAT.

   c. The Enjoined Parties shall not, whether acting alone or with or through other persons or entities, and regardless of whether acting on their own behalf or on behalf of others, oppose, sue on the basis of, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack the GOAT Marks, any trademark filing or registration owned by GOAT, or any domain name, storefront or shopping page, or social media account owned by, registered to, or otherwise used by GOAT, or assist, support, or encourage others to oppose, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack any of the foregoing intellectual property.

  2. It is further ORDERED that the Enjoined Parties shall:

   a. Take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as affiliates, independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including by providing a copy of this Order to any person or entity controlled or employed by Clear Sky.

      b.    Take all reasonable corrective action with respect to any individual within their control or employment whom any Enjoined Party determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying GOAT promptly in writing of the underlying conduct.

      c.    Be fully responsible for any violations of this Order by any of the foregoing parties.

## JURISDICTION AND RETENTION OF SAME

1. It is further ORDERED that this Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Order. Further, the Court shall retain ancillary jurisdiction over this matter in law and equity for purposes of enforcing and/or adjudicating any violation of the Parties' confidential settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-2 (1994). Any such matters shall be raised by noticed motion.

2. The Court finds that the parties have consented to the jurisdiction of this Court and waived any and all arguments or challenges as to (i) the jurisdiction of this Court, (ii) the convenience of this forum; and/or (iii) the enforceability of this injunction in other jurisdictions.

3. The Court finds that the parties have waived the right to appeal the entry of this Order and a waiver of the right to contest the validity of any clause, term, or provision herein in any subsequent proceeding, and enters the Order on that basis; provided, however, that if for any reason any clause, term, or provision herein is deemed unlawful or invalid, the remaining clauses, terms and provisions shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED: March 30, 2021

                                  HON. CORMAC J. CARNEY
                                  UNITED STATES DISTRICT JUDGE